**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.J. and N.K.-F.**

**No. 21-0961** (Kanawha County 21-JA-251 and 21-JA-252)

**MEMORANDUM DECISION**

Petitioner Mother A.K., by counsel Brenden D. Long, appeals the Circuit Court of Kanawha County's October 27, 2021, order terminating her parental rights to M.J. and N.K.-F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and James Wegman, filed a response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying her request for an improvement period, (2) terminating her parental rights, and (3) denying her request for post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2021, the DHHR filed an abuse and neglect petition alleging that petitioner could not meet the needs of her children because she suffered from mental health issues, addiction, excessive drinking, and domestic violence. The DHHR further alleged that the father of M.J. and the father of N.K.-F. had abandoned the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in July of 2021 during which petitioner stipulated that she had mental health and substance abuse issues that prevented her from being an appropriate parent. She further stipulated that she failed to protect the children by exposing them to inappropriate individuals. The court accepted petitioner's stipulation and adjudicated her as an abusing parent. The court further held petitioner's motion for a post-adjudicatory improvement period in abeyance to allow petitioner time to become compliant with services and demonstrate that she could meet the necessary threshold to be granted an improvement period.

In October of 2021, the guardian filed a report recommending the termination of petitioner's parental rights. The guardian reported that petitioner's "communication has been lacking" and noted that a recent DHHR summary "does not describe any improvement in [petitioner]'s participation in services." The guardian reported that petitioner "has not consistently screened for drugs and alcohol to [allow for] visitation." The guardian further recommended that petitioner receive no visitation with the children because her "influence is detrimental to the progress and stability these girls have attained." The guardian also reported that petitioner "has not been consistent in drug/alcohol screening or any of the other services ordered." The guardian did note that petitioner participated in a forensic psychological evaluation. However, the evaluation provided an "extremely poor" prognosis regarding petitioner's ability to improve parenting. The evaluation also recommended that petitioner comply with random drug screenings and complete parenting classes, both of which petitioner failed to complete. The guardian further reported that petitioner failed to complete her domestic violence education course. Petitioner also failed to obtain a safe home and adequate income, failed to fully participate in cognitive behavioral therapy, and failed to maintain contact with her CPS worker.

Later that month, the circuit court held a dispositional hearing during which petitioner failed to appear but was represented by counsel. Petitioner's counsel reported that petitioner was "very difficult" to communicate with during the proceedings. Petitioner's counsel moved for petitioner to receive an improvement period. However, the circuit court denied the motion, noting "we've got to get her to show up, don't we? We've got to get her to show up for court. We've got to get her to participate in services, and that's not what we're seeing."

On behalf of the DHHR, a CPS worker testified that petitioner was offered services but noted that petitioner "lost contact with them." The worker noted that petitioner failed to participate in services for two to three months, including failing to complete parenting classes, failing to provide random drug screenings, and failing to complete a domestic violence education course. The worker further testified that petitioner failed to establish safe housing or complete her therapy. The worker explained that the children were largely raised by their maternal grandmother, and that M.J. was behind academically and displaying defiant behaviors. The worker reported that the children "miss" petitioner but explained that "they understand that [petitioner] is struggling with different things."

In light of the evidence presented at the dispositional hearing, the circuit court found that petitioner failed to meaningfully participate in the services afforded her despite the assistance of

service providers. The court found that petitioner failed to "complete any of the services. There was not full compliance with any of the services." The court remarked that petitioner also had "[v]ery spott[y] communication with the [DHHR] and, frankly, her own lawyer." Based upon this evidence, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the best interests of the children to terminate petitioner's parental rights.[2] The court also denied petitioner post-termination visitation with the children. The circuit court entered an order reflecting its decision on October 27, 2021. Petitioner appeals from this order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in denying her a post-adjudicatory improvement period because she had negative alcohol screens; was working; wanted services from the DHHR; was trying to comply with services but had some breakdowns in communication with the DHHR; and was in a position to complete an improvement period if her communication issues were resolved. Petitioner acknowledges that she had difficulties communicating with the DHHR, service providers, and even her own counsel throughout the proceedings. However, petitioner contends that this was due to issues with her phone service and that her "lack of phone services has been an impediment to . . . participating in services." Finally, petitioner argues that the children had formed a bond with her and that she was attempting to participate in services at the time of the dispositional hearing. Upon review, we find that petitioner is entitled to no relief.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is

---

[2]Both fathers' parental rights were terminated below. The permanency plan for the children is legal guardianship by their aunt.

viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). Finally, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

While petitioner avers that she made some improvements and showed a willingness to participate in services, the record shows that petitioner failed to demonstrate that she was entitled to an improvement period. Specifically, petitioner failed to regularly participate in drug screens, failed to complete parenting and domestic violence classes, and failed to remain in contact with DHHR workers, service providers, and her own counsel. Petitioner also failed to attend the final dispositional hearing. While petitioner argues that her inability to communicate was due to phone troubles, she provides no evidence of this on appeal. Even the few services petitioner did participate in, such as a forensic evaluation, yielded troubling results. The forensic evaluation provided an "extremely poor" prognosis regarding petitioner's ability to improve parenting. The evaluation also recommended that petitioner comply with random drug screenings and complete parenting classes, both of which petitioner failed to complete. As such, by failing to comply with nearly all of the services offered to her throughout the proceedings, petitioner has failed to make any substantial changes to her circumstances despite the DHHR's efforts. Therefore, it is clear that petitioner was unlikely to fully participate in an improvement period, and we therefore find no error in the circuit court's decision.

Moreover, based on the evidence of petitioner's noncompliance and her failure to abide by court orders, the circuit court found that petitioner failed to follow through with the DHHR's rehabilitative services. Importantly, this constitutes a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future under West Virginia Code § 49-4-604(d)(3). On appeal, petitioner asserts that the circuit court's decision to terminate her parental rights was improper when she was making progress toward reunification. However, the court's findings are based on substantial evidence that petitioner was never compliant with her services and that she failed to remain in communication with the DHHR, service providers, and her own counsel. Moreover, the circuit court found that termination of petitioner's parental rights was in the children's best interests. According to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental rights upon these findings. Further, we have long held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

4

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record shows that the circuit court had ample evidence upon which to base these findings, and we decline to disturb them on appeal.

Finally, petitioner argues that the circuit court erred in denying her motion for post-termination visitation because she shared a bond with the children. We find petitioner's argument unavailing.

In regard to post-termination visitation, we have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). Here, the circuit court found it was not in the children's best interests to grant visitation. Although petitioner may care for the children, there is no evidence that she developed a close bond with them given the testimony that the children spent a majority of the time with relatives, including their maternal grandmother. Further, petitioner failed to exercise visitation with the children during the proceedings as a result of her failure to participate in court-ordered drug screens. Accordingly, we find no error in the circuit court's denial of petitioner's motion for post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 27, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

5